FILED: May 13, 2014

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-8014
(1:04-cr-00052-JFM-1)
(1:13-cv-03370-JFM)

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RICHARD ARTHUR SCHMIDT

Defendant - Appellant

JUDGMENT

In accordance with the decision of this court, the judgment of the district court is vacated. This case is remanded to the district court for further proceedings consistent with the court's decision.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 13-8014

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RICHARD ARTHUR SCHMIDT,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:04-cr-00052-JFM-1; 1:13-cv-03370-JFM)

---

Submitted:  April 28, 2014              Decided:  May 13, 2014

---

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Richard Arthur Schmidt, Appellant Pro Se.  Andrew George Warrens Norman, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Arthur Schmidt seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion for failure to receive authorization from this court to file a successive motion. For the reasons that follow, we grant a certificate of appealability, vacate the district court's judgment and remand for further proceedings.

In 2005, Schmidt was convicted of traveling with intent to engage in a sexual act with a minor and engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b), (c) (2012). In April 2007, Schmidt filed a motion pursuant to Fed. R. Civ. P. 60(b)(4), claiming that the district court lacked subject matter jurisdiction over his case.[1] The district court construed the filing as a § 2255 motion and summarily denied it without an explanation.

Schmidt subsequently filed numerous post-conviction motions, which were all construed as § 2255 motions and dismissed as successive. About one year ago, Schmidt filed a 28 U.S.C. § 2244 motion (2012) seeking authorization to file a successive § 2255 motion, specifically arguing that, when the district court re-characterized his Fed. R. Civ. P. 60(b)(4)

---

[1] Notably, the motion stated that "in no way should it be construed" as a § 2255 motion.

motion as a § 2255 motion in 2007, he "was never notified . . . nor given the opportunity to withdraw the motion," in violation of the Supreme Court's holding in Castro v. United States, 540 U.S. 375 (2003).

Because the district court had not provided Schmidt with notice that it was re-characterizing his Rule 60(b)(4) motion as a § 2255 motion, nor did it provide Schmidt with the opportunity to either withdraw or amend the motion, we concluded that the 2007 motion could not be counted as Schmidt's first § 2255 motion. See Castro, 540 U.S. at 383. Moreover, Schmidt's subsequent motions for post-conviction relief were all dismissed without prejudice for being successive and, therefore, could not count as prior § 2255 motions for purposes of the limitations on successive § 2255 motions. See In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) (citing cases in which post-conviction proceedings dismissed on certain procedural grounds were not counted in determining whether subsequent motions are successive). Accordingly, we denied as unnecessary the motion for authorization to file a second or successive motion. In re: Schmidt, No. 13-168 (Mar. 29, 2013).

Months later, Schmidt filed the underlying § 2255 motion in the district court. Although Schmidt attached a copy of this court's order stating authorization was unnecessary to

file a § 2255 motion, the district court summarily dismissed the motion as successive.

Because the underlying § 2255 motion was not a second or successive motion within the meaning of § 2255, the district court erred by holding that Schmidt was required to obtain an order from this court authorizing the district court to consider the motion. Consequently, we grant Schmidt's motion to proceed in forma pauperis on appeal, grant a certificate of appealability, vacate the order of the district court, and remand for further proceedings.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] We, of course, express no opinion as to the timeliness or merits of Schmidt's claims.

FILED: May 13, 2014

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-8014,    US v. Richard Schmidt
                1:04-cr-00052-JFM-1, 1:13-cv-03370-JFM

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourtus.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the court did not receive a voucher, forms and instructions are available from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).