## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD A. SCHMIDT** | * | |
| | * | **CIVIL NO. JFM-13-3370** |
| **Petitioner** | * | **CRIMINAL NO. JFM-04-00052** |
| | * | |
| **v.** | * | |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Respondent** | * | |
| | * | |

*******

### UNITED STATES' RESPONSE IN OPPOSITION TO THE DEFEDNANT'S 28 U.S.C. § 2255 ACTION

The United States of America, through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Zachary A. Myers, Assistant United States Attorney, responds in opposition to the motion filed by the defendant, Richard A. Schmidt, under 28 U.S.C. § 2255 and in support represents:

### FACTUAL AND PROCEDURAL BACKGROUND

#### A.  The Defendant's Prior Offenses and Flight From the United States

On April 26, 1984, the defendant, Richard A. Schmidt (hereinafter "Schmidt") was convicted, of sexual offense in the third and fourth degree, child abuse and assault, for fondling the genitals of two boys aged 9 and 10. Schmidt was sentenced to three years' incarceration, and served a total of six months.

On September 24, 1984, Schmidt was convicted of sexual offense in the third and fourth degree, child abuse and assault, for fondling the genitals of an 8 year old boy and an 11 year old boy in a video store in Maryland. Schmidt's prison sentence was fully suspended, and he was sentenced to 5 years' probation.

On November 4, 1986, Schmidt was convicted of multiple second and third degree sex offenses upon a minor for conduct involving genital fondling, fellatio and ejaculation by external stimulation. He was sentenced to 18 years' incarceration, and served 13 years. On July 20, 2000, Schmidt was paroled by Maryland State authorities.

On May 29, 2002, a Maryland parole retake warrant was issued due to allegations that the defendant had unauthorized contact with a minor. In late May or early June, 2002, with the Maryland warrant outstanding, the Defendant fled the United States using his United States passport.

On June 7, 2002, the defendant arrived in the Philippines using his United States passport. In the Philipines Schmidt worked as a computer consultant and instructor at the Westfields International School in Angles City. While employed at the school it was alleged that Schmidt engaged in illegal sexual contact with a number of young boys.

On July 26, 2003, Schmidt was arrested in the Philippines by the Philippine National Police for acts of lasciviousness with children. Schmidt was granted pre-trial release by Philippine authorities.

On November 5, 2003, Schmidt arrived in Cambodia, and returned to the Philippines on November 11, 2003. On December 1, 2003, Schmidt arrived in Cambodia for the second time. Schmidt used his United States passport for all three of these trips. Schmidt's travel from the Philippines to Cambodia in December, 2003, was charged in Count 7 of the Indictment in this case.

While in Cambodia, Schmidt engaged in illegal sexual contact with a number of young boys. On December 23, 2003, Schmidt was arrested in Cambodia for debauchery (sex offenses) involving two minor boys, aged 10 and 13. On December 25, 2003, Schmidt was released by the

Cambodian court and placed under "police watch." Cambodian authorities maintained custody of Schmidt's United States passport.

On December 27, 2003, in Cambodia, Schmidt engaged in illegal sexual contact with JOHN DOE #4, then a 13 year old boy. Schmidt ordered JOHN DOE # 4 to lie down on the bed on his stomach. Schmidt kissed JOHN DOE # 4, mounted on top of the boy from behind and engaged in anal sex with the boy. JOHN DOE # 4 attempted to resist Schmidt, and Schmidt held his hand over the boy's mouth while he proceeded to anally rape the boy for approximately twenty minutes and to touch and fondle the boy's penis.

On December 27, 2003, Schmidt was again arrested by Cambodian authorities and remanded to custody pending deportation to the United States.

### B. The Defendant's Stipulated Offense Conduct

On June 24, 2004, Schmidt entered into a plea agreement[1] with the government wherein he stipulated to the following facts:

> In December, 2003, the defendant, an adult citizen of the United States, traveled in foreign commerce from the Philippines to Cambodia, for the purpose of engaging in illicit sexual conduct as defined in Title 18, United States Code, Sections 2423(f) and 2246, with a person less than eighteen (18) years of age that would be in violation of Chapter 109A of Title 18, United States Code, if the sexual act occurred in the special maritime and territorial jurisdiction of the United States. The defendant arrived in Phnom Penh, Cambodia, on December 1, 2003.
>
> On December 27, 2003, in Phnom Penh, Cambodia, the defendant knowingly engaged in illicit sexual conduct, as defined in Title 18, United States Code, Sections 2423(f) and 2246, specifically, the defendant intentionally touched and fondled the penis of a minor male person herein named JOHN DOE # 4, who at all times relevant to this case had not attained the age of 16 years, in fact JOHN DOE

---

1 Addenda to the plea agreement were executed on July 7, 2004, prior to rearraignment, and May 14, 2005, Dkt. # 27. Neither of these addenda to the agreement altered the stipulated facts.

# 4 was aged 13 at the time. Cambodian National Police officers arrested the defendant on this date and placed him in custody.

In January 2004, the United States Department of State cancelled the defendant's passport, making him an undocumented foreigner in Cambodia. On February 5, 2004, the indictment in this case was returned by the federal grand jury sitting in the District of Maryland. A few days later, 2004, the government of Cambodia ordered that the defendant be deported from that country. On February 18, 2004, the defendant left Cambodia and was accompanied back to the United States by two federal agents.

Dkt. #25, Plea Agreement, ¶ 7(a).

## C.  <u>Prosecution and Conviction of the Defendant</u>

On February 5, 2004, a federal grand jury sitting in the District of Maryland issued a ten-count indictment against Schmidt, charging him with one count of Travel by a U.S. Citizen in Interstate and Foreign Commerce with Intent to Engage in a Sexual Act with a Minor, in violation of 18 U.S.C. § 2423(b) (Count 1); one count of Travel by a U.S. Citizen in Interstate and Foreign Commerce with Intent to Engage in a Illicit Sexual Conduct with a Minor, in violation of 18 U.S.C. § 2423(b) (Count 7); and eight counts of Travel by a U.S. Citizen in Interstate and Foreign Commerce and Engaging in a Sexual Act with a Minor, in violation of 18 U.S.C. § 2423(c) (Counts 2-6, 8-10). Dkt. #1.[2]

On April 8, 2004, Schmidt filed two pretrial motions and two pretrial requests. Dkt. # 20-23. One of Schmidt's pretrial motions was captioned "Motion to Dismiss Counts Two-Ten of the Indictment and to Limit the Possible Punishment on Count One to Fifteen Years Incarceration." Dkt. # 20. In this motion, Schmidt argued that 18 U.S.C. § 2423(b) and (c) exceeded Congress' authority to regulate foreign commerce under the Commerce Clause, and that the United States did not have subject matter jurisdiction over the offenses charged in the

---

2 Docket references in this motion are to the docket in the criminal case.

indictment. *Id.* Schmidt entered a guilty plea to counts seven and ten of the indictment prior to the government filing a response to this motion, or the Court making a ruling on the merit of Schmidt's argument.

On June 24, 2004, Schmidt entered into a plea agreement with the government. Dkt. #25. The elements of the offenses of conviction were accurately set forth in the agreement. *See* Plea Agreement, ¶ 2.

On July 8, 2004, a rearraignment was held and Schmidt entered pleas of guilty to counts seven and ten of the indictment, pursuant to a plea agreement with the government. Dkt. # 25. On May 25, 2005, Schmidt was sentenced a total of 180 months' imprisonment, with a lifetime term of supervised release to follow. Dkt. # 28. Schmidt did not file a direct appeal.

### D.  Nearly Two Years Later Schmidt Files a Motion Challenging His Conviction

On April 5, 2007, Schmidt signed a *pro se* motion styled "Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4)." Dkt. # 29. The motion was docketed on April 9, 2007. *Id.* For purposes of evaluating this *pro se* motion, the United States will assume *arguendo* that Schmidt's motion was actually signed on April 5, 2007, was submitted to prison officials the same day, and would be deemed by the court to have been filed on April 5, 2007.[3] On June 8, 2007, the Court entered an order denying Schmidt's motion and construing it as a motion under 28 U.S.C. § 2255. Dkt. #30.

### E.  Schmidt's Subsequent Post-Conviction Motions and Appeal

On May 11, 2011, Schmidt signed a motion attacking his conviction pursuant to 28 U.S.C. § 2255. Dkt. #39. On May 18, 2011, Schmidt's motion was denied as a second or successive

---

[3] *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's legal materials are deemed filed on the date they are deposited with prison officials for mailing).

motion under 28 U.S.C. § 2255. Dkt. #40.

On November 18, 2012, Schmidt signed a motion attacking his conviction pursuant to 28 U.S.C. § 2255. Dkt. #46. On December 14, 2012, Schmidt's motion was denied as a second or successive motion under 28 U.S.C. § 2255. Dkt. #47.

On March 13, 2013, Schmidt filed a motion for authorization to file a successive *habeas* application under 28 U.S.C. § 2244 with the United States Court of Appeals for the Fourth Circuit. *In re Richard Schmidt* Case No. 13-168 (4th Cir.), (Hereinafter "1st App. Dkt.") #2. On March 29, 2013, the Court of Appeals entered an order denying the motion as unnecessary, stating that none of his prior post-conviction motions should be considered as motions under 28 U.S.C. § 2255, for the purposes of the restrictions on second or successive § 2255 motions. 1st App. Dkt. #5. The Court of Appeals expressed no opinion as to the timeliness or the merits of any of Schmidt's post-conviction motions. *Id.*

**F.  Schmidt Files the Instant § 2255 Motion in November 2013**

On November 6, 2013, Schmidt signed a motion attacking his conviction pursuant to 28 U.S.C. § 2255. Dkt. #48. Schmidt attached the Fourth Circuit's order to his motion. Dkt. #48, p. 9-10. On November 18, 2013, Schmidt's motion was denied as a second or successive motion under 28 U.S.C. § 2255. Dkt. #49.

On December 13, 2013, Schmidt filed a petition for certificate of appealability with the United States Court of Appeals for the Fourth Circuit. Dkt. #50. The motion was construed as a notice of appeal and refiled in this Court. *Id.* On May 13, 2014, the Court of Appeals vacated this Court's order denying the November 6, 2013, motion and holding that Schmidt's November, 2013, motion under 28 U.S.C. § 2255 should not be treated as second or successive. Dkt. #53. On July 7, 2014, the mandate of the Court of Appeals' judgment was issued. Dkt. #56.

6

On September 5, 2014, the Government filed a motion to dismiss Schmidt's November 6, 2013, motion on the basis that it was filed outside the applicable one-year statute of limitations. Dkt. #57. On October 20, 2014, Schmidt filed his reply to the government's motion to dismiss, and expressly acknowledged that his motion was filed beyond the one year statute of limitations. Dkt. #68. Schmidt asserted a claim of "actual innocence," the allegation that the jurisdictional elements of the offenses of conviction had not been met, which Schmidt argued should relieve him from the effect of filing an untimely motion. *Id.* On October 29, 2014, the Court denied the Government's September 5, 2014 motion, and ordered the Government to respond on the merits of Schmidt's November 6, 2013, petition. Dkt. #69.

## ARGUMENT
## THE DEFENDANT DOES NOT RAISE A COLORABLE CLAIM OF "ACTUAL INNOCENCE"

In his "Amended Memorandum in Support of Defendant's Motion Pursuant to 28 U.S.C. § 2255 Motion to Vacate," Schmidt states that he "[i]n June of 2002 he relocated from the United States and moved to the Philippines." Dkt. # 69, p. 3. Schmidt fails to inform the Court that his "relocation" to a foreign country took place after a warrant was issued by the State of Maryland for the arrest of the thrice-convicted child molester after he engaged in contact with minors in violation of the terms of his parole.

Schmidt states that "he obtained a work permit," Dkt. # 69, p. 3, without informing the Court that he was working at an international school while a fugitive from justice and was arrested by Philippine authorities for engaging in yet further sexual abuse of minor boys. Schmidt states that he "decided to move" to Cambodia, Dkt. # 69, p. 3, omitting the fact that at the time he fled the Philippines for Cambodia, he was on release following his July 26, 2003, arrest for acts of lasciviousness with children.

Schmidt asserts that he "is actually innocent and his counsel was grossly deficient for not presenting the issue to the Court." Dkt. # 69, p. 3. In fact, this very issue was presented by Schmidt's counsel in great detail in the 29 page motion filed by his counsel, the late Fred Warren Bennett, on April 8, 2004. Despite filing this motion, and being well aware of these arguments while the matter was pending trial, Schmidt decided to enter a plea of guilty prior to the Court making a ruling on his motion. Schmidt now asserts that the government failed to prove the "foreign commerce" element of each offense, based entirely on his own self-serving and inaccurate rendering of the facts, and fully ignoring the factual stipulations set forth in the plea agreement which were the basis of his conviction.

The plea agreement Schmidt entered, with its multiple immediately post-*Booker* amendments completely and accurately set forth the elements of each offense of conviction. Plea Agreement, ¶2. Schmidt also agreed to stipulated facts that support each and every element of the offense. Plea Agreement, ¶ 7(a). Now, long after the statute of limitations for a § 2255 action has expired, he seeks to resurrect the arguments of a long-abandoned pretrial motion in an attempt to escape the consequences of his conduct, and his knowing and voluntary plea of guilty. Calling these resurrected claims "actual innocence" arguments does not make them so. Schmidt's time-barred and factually unsupported claims are wholly without merit, and the court should deny his motion to vacate.

## **CONCLUSION**

Because Schmidt stipulated to facts fully supporting each and every element of the offense, and because he provides no legal or factual basis to challenge his plea of guilty or the plea agreement, the motion to vacate should be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
Zachary A. Myers
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 2, 2014, I caused a copy of this document to be mailed to:

>   Richard A. Schmidt
>   #47454-083
>   FCI Fort Dix
>   FEDERAL CORRECTIONAL INSTITUTION
>   P.O. BOX 2000
>   FORT DIX, NJ   08640


>   _____/s/_____
>   Zachary A. Myers
>   Assistant United States Attorney